GEORGE I. MARCUS, AS TRUSTEE IN BANKRUPTCY OF BERGEN RECREATION CENTRE, PLAINTIFF-APPELLANT, v. QUEEN INSURANCE COMPANY OF AMERICA, A CORPORATION, DEFENDANT-RESPONDENT.

GEORGE I. MARCUS, AS TRUSTEE IN BANKRUPTCY OF BERGEN RECREATION CENTRE, PLAINTIFF-APPELLANT, v. ROYAL INSURANCE COMPANY, LIMITED, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 26, 1937—Decided January 26, 1938.

For the appellant, *Murray Greiman*.

For the respondents, *Arthur T. Vanderbilt, G. Dixon Speakman* and *O. Blake Willcox*.

The opinion of the court was delivered by

LLOYD, J. These cases were heard by the trial judge, sitting without a jury, on stipulations of the facts. The actions were to recover on policies of insurance insuring against fire

loss and contained the following provision: "This policy shall be canceled at any time at the request of the insured or by the company by giving five days' notice of such cancellation."

By the stipulation it is set forth that in the certificate of incorporation of the insured, which is recorded in the county clerk's office of Bergen county and filed in the office of the secretary of state, the principal office of said corporation is located at 657 Anderson avenue, Cliffside Park, New Jersey, and that the agent in charge thereof and upon whom process could be served is Bernard S. White.

On November 21st, 1935, the companies served on White personally written notices that they elected to cancel the policies and advised that all liability under the policies would absolutely cease five days thereafter, and that the excess of premium, if any, would be refunded upon demand. A fire occurred on December 12th, 1935, and it was for this loss that the actions were brought. The trial judge gave judgments for the defendants and from these judgments the present appeals are taken.

The ground of appeal in each case is that the service of the cancellation notice on White was insufficient to constitute a cancellation of the policies. The General Corporation act of 1896, as amended by chapter 243, laws of 1916, page 507, provides:

"Every corporation heretofore or hereafter organized under the laws of this state and every foreign corporation authorized to transact business in this state, shall maintain a principal office within the State of New Jersey, and an agent in charge of said principal office upon whom process against the corporation may be served."

Section 43C of the act, *Comp. Stat., p.* 1627, provides:

"Every certificate, report or statement now or hereafter required by any law of this state to be made to any officer or department of this state, or to be published, filed or recorded by any corporation, domestic or foreign, shall in addition to the other matter required by law, set forth the location (town or city, street and number, if number there be) of its prin-

cipal office in this state, and the name of the agent therein and in charge thereof, and upon whom process against the corporation may be served; no certificate, statement or report shall hereafter be received, filed or recorded by any officer or in any office of this state unless the same shall comply with the foregoing provisions; such office of any domestic corporation so registered shall be and be deemed the office and post-office address of such domestic corporation, its officers, directors and stockholders, and whenever by the provisions of any law of this state any notice is required to be given to the corporation, its officers, stockholders or directors, such notice shall be sent by mail or otherwise, as the law may require, to such registered office, and such notice so given shall be and be deemed sufficient notice."

It is claimed that by the provisions above set forth process tending to bring a party into court only is contemplated, and that effective notice of cancellation could not be served on the named agent.

By the legislation three requirements are exacted: (1) that a principal office shall be maintained and an agent in charge of said office designated; (2). that such office shall be deemed the office and post office address of "such domestic corporation, its officers, directors and stockholders;" (section 43C) and (3) that whenever by the provisions of any law of this state "any notice is required to be given to the corporation, its officers, stockholders or directors, such notice shall be sent by mail or otherwise, as the law may require, to such designated office, and such notice so given shall be deemed sufficient notice."

The first two provisions the insured complied with and designated White as the man in charge. He was therefore in every sense the person designated as the representative of the company upon whom notice should be served.

The limiting effect of the words "upon whom process against the company may be served," claimed by the appellant is clearly untenable in view of the extended authority specified in section 43C. The policies sued on are in the form prescribed by the commissioner of banking and insurance in

pursuance of statutory authority (chapter 35, laws of 1932, page 53), and designated as "standard fire insurance policies," and under the act no other form could be availed of in this state. The notice prescribed by the standard form and as used in the policies in the present cases was we think within the contemplation of section 43C of the Insurance act, and notice to the agent was notice to the company.

That the stipulation fails to state that the notice was sent to the designated office is of no importance in view of the fact that White was the person in charge, and the one to receive the notice if it were either so mailed or delivered. Direct service effected this object as certainly, if not more so, than a notice addressed to the office.

Quite apart from the statute the creation and location of the principal office and the appointment of White as the agent in charge may in themselves be sufficient to clothe the agent with authority to receive notice of cancellation. *Snyder* v. *Insurance Co.,* 59 *N. J. L.* 544, and *Cheshansky* v. *Insurance Co.,* 102 *Id.* 414, but our conclusion based on the construction of the statutes, makes it unnecessary to so determine.

The judgments are affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.